BILL LOCKYER Attorney General ANTHONY S. DA VIGO Deputy Attorney General
THE HONORABLE JOSEPH L. DUNN, MEMBER OF THE STATE SENATE, has requested an opinion on the following question:
In providing or arranging for the provision of health care services under the California Medical Assistance program, is a county organized health system that has contracted with the California Medical Assistance Commission subject to the statutory requirement that a request for treatment "be reviewed for medical necessity only"?
 CONCLUSION
In providing or arranging for the provision of health care services under the California Medical Assistance program, a county organized health system that has contracted with the California Medical Assistance Commission is not subject to the statutory requirement that a request for treatment "be reviewed for medical necessity only" unless such requirement is a term of its contract.
 ANALYSIS
The California Medical Assistance (Medi-Cal) program (Welf. 
Inst. Code, §§ 14000-14198.2)[1]
implements the federal Medicaid program, established under title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.), authorizing "the payment of federal funds to states to defray the cost of providing medical assistance to low-income persons." (Blue v. Bonta (2002)99 Cal.App.4th 980, 985; see Robert F. Kennedy Medical Center v. Belshe
(1996) 13 Cal.4th 748, 751; Palmdale Medical Center v. Department ofHealth Services (1992) 8 Cal.App.4th 1306, 1312; Jackson v. Stockdale
(1989) 215 Cal.App.3d 1503, 1509-1510; Wickline v. State of California
(1986) 192 Cal.App.3d 1630, 1646.) The Department of Health Services (Department) administers the state's Medi-Cal program. (Blue v. Bonta,supra, 99 Cal.App.4th at p. 985.)
Ordinarily, the Medi-Cal program is managed on a "fee for service" basis whereby the Department pays service providers for the medical care furnished to qualified individuals. In so doing, the Department makes certain that the federal funds are used only for "medically necessary" healthcare services. (See Robert F. Kennedy Medical Center v. Belshe,supra, 13 Cal.4th at pp. 751-752; Blue v. Bonta, supra, 99 Cal.App.4th at p. 986; Lauderdale Associates v. Department of Health Services (1998)67 Cal.App.4th 117, 119; Jackson v. Stockdale, supra, 215 Cal.App.3d at pp. 1510-1515; Wickline v. State of California, supra, 192 Cal.App.3d at p. 1646.)
One alternative to this "fee for service" use of federal funds by the Department is for the California Medical Assistance Commission (Commission) to negotiate contracts with counties willing to provide the medical services in question. (§§ 14087.5-14087.95.) Section 14087.5 states:
"(a) The California Medical Assistance Commission may negotiate exclusive contracts with any county which seeks to provide, or arrange for the provision of the health care services provided under this chapter. The California Medical Assistance Commission shall establish regulations concerning the time for submittal of proposed plans for a contract by a county, and for the time by which the California Medical Assistance Commission shall decide whether or not to accept the county's proposal.
"(b) The department shall seek all federal waivers necessary to allow for federal financial participation in expenditures under this article. This article shall not be implemented until all necessary waivers have been approved by the federal government."
Once negotiations on a contract are completed, the contract is executed pursuant to the provisions of section 14087.55:
"(a) The department shall enter into contracts with counties under this article, and shall be bound by the rates, terms, and conditions negotiated by the negotiator.
"(b) In implementing this article, the department may enter into contracts for the provision of essential administrative and other services.
"(c) Contracts under this article may be on a nonbid basis and shall be exempt from the provisions of Chapter 2 (commencing with Section10290) of Part 2 of the Public Contract Code."
When the Department pays service providers directly, it follows a schedule of benefits (§ 14132), many of which are "subject to utilization controls" such as prior authorization by a Department consultant, a post-service prepayment audit, a post-service post-payment audit, a limitation on the number of services, and a separate review of the services to be provided. (§ 14133.) The key statute requiring our analysis is section14133.05, which states:
"(a) Notwithstanding any other provision of law, a request for a treatment authorization received by the department shall be reviewed for medical necessity only.
". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
"(c) If a provider does not agree with the decision on a treatment authorization request, the provider may appeal the decision pursuant to procedures set forth in regulations adopted by the department.
"(d) Providers shall comply with the administrative remedies available to them prior to seeking a judicial remedy with respect to a decision of the department on a treatment authorization request."
The question presented for resolution is whether the requirement of section 14133.05, subdivision (a), for treatment requests to "be reviewed for medical necessity only," applies to a county participating in the Medi-Cal program pursuant to contract. We conclude that the requirement would apply only if it is made part of the terms of the county's contract negotiated by the Commission.
The simple answer to the present inquiry is that section14133.05 applies to the Department when it is performing its duties and responsibilities, not to a county acting under a different statutory scheme (§§ 14087.5-14087.95) pursuant to a contract negotiated on behalf of the state by the Commission. The Commission is within the Governor's Office and has as its purpose the "contracting with health care delivery systems for provision of health care services to recipients under the California Medical Assistance program." (§ 14165.) Section14087.6 describes a county's responsibilities under its contract:
"A county that has contracted for the provision of services pursuant to this article may provide the services directly to recipients, or arrange for any or all of the services to be provided by subcontracting with primary care providers, health maintenance organizations, insurance carriers, or other entities or individuals. The subcontracts may utilize a prospectively negotiated reimbursement rate, fee-for-service, retainer, capitation, or other basis for payment. The rate of payment established under the contract shall not exceed the total per capita amount that the department estimates would be payable for all services and requirements covered under the contract if all these services and requirements were to be furnished Medi-Cal beneficiaries under the Medi-Cal fee-for-service program.
"Counties that are responsible for providing health care under this chapter shall make efforts to utilize existing health service resources where these resources can be estimated by the county to result in lower total long-term costs and accessibility quality care to persons served under this chapter. . . ."
The Department, in turn, has contractual responsibilities specified in section 14087.8:
"When the department has entered into a contract with a county pursuant to this article, the department shall, at a minimum, through a method independent of any agency of the county, monitor the level and quality of services provided in a county, as well as a county's expenditures pursuant to the contract, and shall ensure conformity with federal law."
Accordingly, while section 14133.05 begins with the words "Notwithstanding any other provision of law," its terms apply only to the Department. An entirely different procedure is followed when a county is providing the services in question pursuant to contract. Of course, the Commission may negotiate for a county's compliance with the "reviewed for medical necessity only" statutory requirement as a term of the contract.
We conclude that, in providing or arranging for the provision of health care services under the Medi-Cal program, a county organized health system is not subject to the statutory requirement that a request for treatment "be reviewed for medical necessity only" unless such requirement is a term of its contract.
[1] All references hereafter to the Welfare and Institutions Code are by section number only.